UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

NICHOLAS CHRISTOS KATOS a/k/a           Case No. 10-72490-ast
NICHOLAS C. KATOS a/k/a           Chapter 7
NICHOLAS KATOS a/k/a
NICK KATOS a/k/a
NICK C. KATOS

                      Debtor.
-------------------------------------------------------X

## **DECISION AND ORDER ON DEBTOR'S MOTION TO DISMISS CASE**

### **Procedural History**

On April 19, 2010 (the "Petition Date"), Debtor, Nicholas Christos Katos (the "Debtor"), filed this chapter 7 case. [dkt item 1] Prior to the Petition Date, Debtor had, *inter alia*, operated several fast food franchises. Marc A. Pergament, Esq. was duly appointed as the Chapter 7 Trustee herein (the "Trustee"). This case was initially filed and noticed as a no asset case. [dkt items 1, 4]

On April 19, 2010, Debtor filed amended schedules, listing no real property, $76,133.00 of personal property, and unsecured claims of $110,250.00. [dkt item 8] Virtually all of the personal property was claimed as exempt.

On May 24, 2010, the Trustee filed a notice of discovery of assets, and gave creditors notice of a deadline to file claims of August 23, 2010. [dkt item 11]

On June 9, 2010, this Court approved a stipulation between the Trustee and Debtor extending the time for objections to discharge and dischargeability to be filed until August 31, 2010. [dkt item 15]

On July 28, 2010, the Trustee filed a motion seeking to further extend the time for the

Trustee to object to the Debtor's discharge through and including November 30, 2010, and to compel Debtor to produce documents previously demanded by the Trustee (the "Extension Motion"). [dkt item 19] The Extension Motion was granted at a hearing held on August 17, 2010, and although directed by the Court to do so, the Trustee did not submit an order to memorialize that ruling.

As of the August 23, 2010, claim bar date, only four creditors filed proofs of claim. Three of the claimants are financial institutions, stating claims totaling $ 86,460.38, and one is a pre-petition litigant described immediately below.

By Notice of Presentment dated October 5, 2010, Debtor sought entry of an Order dismissing this case, pursuant to 11 U.S.C. § 707(a) (the "Dismissal Motion"). [dkt item 20] In support of dismissal, Debtor testified by supporting affidavit as follows:

> 3.  The filing of this case was precipitated by the lawsuit of Adrian Leon et al. against the debtor (and others). The debtor potentially faced a large judgment against him at the trial of that matter. In fact a proof of claim on behalf of Adrian Leon et al. was filed in this case for over one million dollars.
>
> 4.  Subsequent to the commencement of this case the action by Adrian Leon et al. was settled by state court counsel handling that matter. A copy of the proposed settlement is annexed hereto as Exhibit "A".
>
> 5.  The settlement involves other related party defendants and is contingent on the dismissal of this bankruptcy.

(the "Leon Lawsuit"). Although Debtor was a party to the Leon Lawsuit as of the Petition Date, he did not disclose that litigation in his Statement of Financial Affairs ("SOFA") at question 19c. [dkt item 8]

On October 8, 2010, the Trustee filed an adversary proceeding against Debtor seeking to bar his discharge.

On October 18, 2010, the Trustee filed opposition to the Dismissal Motion (the "Opposition"). [dkt item 22]

On November 30, 2010, a hearing was held on the Dismissal Motion and the Opposition (the "Hearing"). During the Hearing, Debtor advised the Court that the Leon Lawsuit settlement would go forward regardless of whether this case was dismissed.

At the conclusion of the Hearing, the Dismissal Motion was taken under submission by this Court.

## **Legal Analysis**

The issue before the Court is whether cause exists to dismiss this case. A chapter 7 debtor does not have an absolute right to have his case dismissed. *See In re Scotto,* No. 09-75956, 2010 WL 1688743 *9 (Bankr. E.D.N.Y. Apr. 26, 2010)(citing *In re Smith*, 507 F.3d 64,72 (2d Cir. 2007). Debtor bears the burden of proof here to show that "cause" exists to dismiss and that creditors will not be prejudiced by the dismissal. *See In re Stephenson*, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001). Equitable considerations guide the decision to dismiss, which decision rests in the sound discretion of the bankruptcy court. *See In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006) (citing *In re Foster*, 316 B.R. 718, 720 (Bankr.W.D. Mo. 2004)). Finally, in deciding whether to dismiss a chapter 7 case, a court must consider the interests of both the debtor and its creditors. *See In re Scotto,* No. 09-75956, 2010 WL 1688743; *see also In re Hull*, 339 B.R. at 307. "[C]reditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code." *Scotto,* No. 09-75956, 2010 WL

1688743 *9 (citing *In re Klein*, 39 B.R. 530, 533 (Bankr. E.D.N.Y. 1984)).

As Judge Grossman of this Court noted in *Scotto*, one consideration is the timing of a debtor's motion to dismiss in relation to the bankruptcy filing. Where a debtor remains under the protections of the bankruptcy court and does not seek dismissal of his case within a reasonable period of time, it is more likely that creditors may have relied on the bankruptcy to their detriment. In such a case, courts have been reluctant to permit a debtor to dismiss for "cause." *Scotto,* No. 09-75956, 2010 WL 1688743 *10 (internal citations omitted).

In this case, although the timing of seeking dismissal is somewhat suspect, there has been less than a four-month delay between the Petition Date and the filing of the Dismissal Motion. This Court does not find that creditors have been injured by this delay.

Further, from a due process standpoint, each creditor who filed a claim was served with the Dismissal Motion, and none objected.

Upon dismissal, creditors will be restored to their pre-bankruptcy rights as against Debtor, and will be able to pursue collection of their debts as they deem appropriate in accordance with applicable non-bankruptcy law. If this case were not dismissed, and the Trustee were successful in his pending adversary proceeding seeking to deny Debtor's discharge, creditors would thereafter be allowed to exercise their non-bankruptcy remedies, but there would be a more substantial time delay before they would be able to do so. Further, unless the Trustee were able to recover and distribute assets, creditors would potentially be in a worse position down the road, as Debtor would need to expend resources in litigation against the Trustee that could otherwise be preserved for creditors. Debtor would also be worse off if his discharge were denied after litigation with the Trustee. Thus, dismissal at this juncture is in the best interests of

creditors and Debtor.

Finally, under equitable considerations, Debtor does not challenge that the Trustee has legitimately incurred expenses in discharging his duties to the estate and pursuing potential recoveries for creditors. It is equitable to require Debtor to compensate the Trustee for any fees and expenses allowed to his professionals as a condition of dismissal of this case. Therefore, it is hereby

**ORDERED**, that the Trustee's professional shall file and serve fee applications by no later than January 11, 2011, detailing the services performed on behalf of the Estate; and it is further

**ORDERED**, that Debtor shall file and serve any objection to the fee applications by no later than January 25, 2011, at which time the fee applications shall be on submission with the Court; and it is further

**ORDERED**, that Debtor shall pay the amounts awarded by this Court within ten (10) days after entry of an order thereon; and it is further

**ORDERED**, that upon the Trustee's professionals receiving payment in full, the Trustee shall file an affirmation of compliance along with a proposed order of dismissal, and this case shall be dismissed forthwith.



**Dated: December 9, 2010**  
**Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**

5